UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. PEACHER,  )<br>  )<br>       Petitioner,  )<br>  )<br>       v.  )<br>  )<br>D. REAGLE,  )<br>  )<br>       Respondent.  ) | No. 1:22-cv-01350-JMS-KMB |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Robert Peacher's petition for a writ of habeas corpus challenges his conviction and sanctions in prison disciplinary case ISR 22-04-0033. Mr. Peacher supports his petition with evidence that the disciplinary hearing officer denied him due process by stating before the hearing that he would find Mr. Peacher guilty whether or not he participated in the hearing. Because the respondent has neither offered contrary evidence nor meaningfully opposed Mr. Peacher's position, the petition is **granted**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On April 1, 2022, Dr. Lamar asked LaReau, a member of the mental health staff, to visit Mr. Peacher at his cell. Dkt. 11-7 at 1. Officer Bishop walked LaReau to Mr. Peacher's cell and observed their conversation. *Id.*; dkt. 11-1.

According to LaReau, Mr. Peacher "was highly aggravated and was exhibiting behaviors consistent with his PTSD diagnosis." Dkt. 11-7 at 1. "He made several ambiguous threats that were posed as his 'response to being threatened, mistreated and retaliated against by custody and IDOC administration.'" *Id.* "He made no direct threats to any specific individual." *Id.* However, Mr. Peacher stated to LaReau that, the next time someone treated him wrong or committed a microggression, he would pull the person through the food slot on his cell door. *Id.*; dkt. 11-1. According to Officer Bishop, Mr. Peacher added that he would then cut the person with anything he could get his hands on. Dkt. 11-1.

Later that day, Officer Bishop issued a conduct report charging Mr. Peacher with "threatening" in violation of the disciplinary code. Dkt. 11-1. On April 7, an officer notified Mr. Peacher that he was charged with threatening and would have a disciplinary hearing no sooner than April 8. Dkt. 11-3. Mr. Peacher asked to call LaReau as a witness. *Id.* That request was not honored, but an officer obtained a written statement from LaReau, which the Court has excerpted above. Dkt. 11-7.

Mr. Peacher's disciplinary hearing occurred on April 8, 2022. Dkt. 11-6. The hearing officer found Mr. Peacher guilty and assessed sanctions, including a loss of earned credit time and a demotion in credit-earning class. *Id.* Mr. Peacher pursued administrative appeals, which are not

at issue in this proceeding. Dkt. 11 at 3 (""Although there is an argument to be made that Peacher procedurally defaulted . . . respondent is not asserting a failure to exhaust administrative remedies at this time.").

Mr. Peacher filed his habeas petition on July 6, 2022, and swore under penalty of perjury that the statements in it were true and correct. Dkt. 2 at 8. Notably, Mr. Peacher recounted that he told his disciplinary hearing officer that he was not mentally capable of defending his charges and requested a postponement. *Id.* at 5. However, the hearing officer denied Mr. Peacher's request because "he had already determined [Mr. Peacher] was guilty before the hearing started." *Id.* Specifically: "The DHB officer told [Mr. Peacher] he could be found guilty now or when he got to his office because he had predetermined [Mr. Peacher] was guilty." *Id.* The respondent does not offer contradictory evidence or address these sworn statements. *See* dkt. 11 at 9–10.

### III. Analysis

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

The Seventh Circuit has made clear that "the constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. The boundaries of impermissible bias are not, however, drawn in bright lines. On the one hand, hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Id.* On the other, hearing officers are impermissibly biased when they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the

investigation thereof." *Id.* at 667. In between, "[t]here is admittedly little appellate authority on other potential instances of bias in disciplinary cases." *Boyd v. Brown*, No. 2:15-cv-00006-JMS-MJD, 2016 WL 4440399, at *3 (S.D. Ind. Aug. 23, 2016).

This Court has stated unambiguously that "the determination of bias cannot only be restricted to questions dealing with direct involvement." *Id.* Illustrating that principle, Judge Barker found a due-process violation and granted relief to a habeas petitioner who demonstrated that her hearing officer processed her sanctions before the hearing commenced:

> The Court finds that the prison staff executed an order reassigning Ms. Kirby to disciplinary segregation before her disciplinary hearing commenced and that this denied her due process right to a hearing before an impartial decision-maker. Although the Court is unaware of any judicial decision that has confronted this specific issue, the Court hardly views this as a bold decision. Due process undeniably assures a prisoner charged with a disciplinary violation of a right to be heard by an impartial decision-maker. *Piggie II*, 344 F.3d at 677. *That assurance is empty if the law permits the decision-maker to adjudge the prisoner guilty and begin implementing her sanctions before the hearing begins.*

*Kirby v. Superintendent*, No. 1:17-cv-02436-SEB-TAB, 2019 WL 251245, at *2 (S.D. Ind. Jan. 16, 2019) (emphasis added).

The law presumes that Mr. Peacher's hearing officer was constitutionally impartial, but Mr. Peacher has offered clear evidence to the contrary. *Piggie*, 342 F.3d at 666. The evidence is undisputed, as the respondent has not offered an affidavit from the hearing officer or any other evidence to contradict Mr. Peacher's sworn statements. In fact, the respondent counters Mr. Peacher only by stating that the hearing officer could not have been constitutionally impartial because he was not involved in the underlying incident or investigation leading up to the hearing. Dkt. 11 at 9–10. Neither *Wolff* and *Hill* defined the right to a hearing before an impartial decision-maker so narrowly. In *Boyd* and *Kirby*, this Court recognized that the core of the right is *impartiality*, not merely freedom from prior involvement in the case. Granting Mr. Peacher's petition is, at most, a modest extension of that recognition.

The evidence is not disputed, so there is no need for an evidentiary hearing. *See Gradeless v. Vannatta*, 15 F. App'x 346, 349 (7th Cir. 2001) ("an evidentiary hearing is necessary" where "the record contains inadequate information to resolve" a "factual dispute") (citing *Daniels v. United States*, 54 F.3d 290, 294 (7th Cir. 1995)). And the respondent has had ample opportunity to fully address Mr. Peacher's evidence and the relevant legal arguments. There is no need for further action. *See, e.g.*, *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (internal quotations omitted)).

### IV. Conclusion

Mr. Peacher was denied due process in ISR 22-04-0033. His petition for a writ of habeas corpus is **granted**. Mr. Peacher's disciplinary conviction must be **vacated** and his sanctions **rescinded**. His earned credit time and credit-earning class must be **immediately restored**, and his new release date must be calculated accordingly.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 4/25/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

5

Distribution:

R. PEACHER
881627
WESTVILLE – CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov